**Charles H. PYNE et al., Plaintiffs,**

v.

**MISSISSIPPI STATE TEXTBOOK PURCHASING BOARD et al., Defendants.**

**No. WC 70-2-S.**

United States District Court,
N. D. Mississippi, W. D.

Feb. 26, 1971.

W. S. Moore, Jackson, Miss., for plaintiffs.

A. F. Summer, Atty. Gen., State of Mississippi, James E. Rankin, Sp. Asst. Atty. Gen., State of Mississippi, Jackson, Miss., for defendants.

Before CLARK, Circuit Judge, KEADY, Chief Judge, and SMITH, District Judge.

### MEMORANDUM OPINION

#### PER CURIAM:

This action involves the constitutionality of Miss.Code 1942, Ann. §§ 6798 and 6799 (Rec.1956).[1] The complaint was filed January 20, 1970, and amendments were filed on February 6, 1970, February 25, 1970 and March 6, 1970. Pursuant to the prayer of the complaint a District Court of three judges composed of Circuit Judge Charles Clark and District Judges William C. Keady and Orma R. Smith was created to hear and determine the issues involved in the action.

Defendants filed a motion to dismiss on March 2, 1970, and plaintiffs filed a motion to strike certain portions of the answer on March 12, 1970.

At the request of the court the parties have submitted briefs on the motions aforesaid, but the court has not called for oral arguments.

Defendants set forth in the motion to dismiss, as one of the grounds therefor, that the court should abstain from passing upon the constitutionality of the Mississippi statutes involved in this action until such time as the state courts of the State of Mississippi might have

---

1. Chapter 311, Laws of Mississippi 1926. This law is commonly referred to as the "anti-evolution law".

**1132**

the opportunity to do so. At the time the motion was filed with this court there was pending in the Chancery Court of Hinds County, Mississippi the case of Arthur G. Smith v. State of Mississippi and State Board of Education of State of Mississippi, Number 78,087, wherein the state statutes involved in this action were subjected to an attack as being unconstitutional.

The *Smith* case, supra, was dismissed by the Chancery Court. On appeal, however, the Mississippi Supreme Court reversed the Chancery Court, holding the statutes aforesaid to be unconstitutional and of no effect. Smith v. State, Miss., 242 So.2d 692 (Dec. 21, 1970). In holding the statutes to be unconstitutional the court said:

> "The decisions of the Supreme Court of the United States which interpret the Constitution of the United States are binding upon us and we have no choice other than to follow such decisions. It is clear to us from what was said in *Epperson, supra,* [Epperson v. Arkansas, 393 U.S. 97, 89 S.Ct. 266, 21 L.Ed.2d 228 (1968)] that the Supreme Court of the United States has for all practical purposes already held that our anti-evolution statutes are unconstitutional. Therefore, we are constrained to hold that Sections 6798 and 6799 are unconstitutional, thus void and of no effect. * * * We also hold that Sections 6798 and 6799 are in contravention to the First Amendment to the Constitution of the United States and are, therefore, void and of no effect."[2]

The holding of the Mississippi Supreme Court in *Smith* that Miss.Code 1942, Ann. §§ 6798 and 6799 (Rec.1956) violated the First Amendment to the Constitution of the United States, made applicable by the Fourteenth Amendment to states, renders it unnecessary for the court to proceed in the case sub

judice. The action should be dismissed because of mootness.

An appropriate order is being entered by the court.

